IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,  )<br>  )<br>    Plaintiff,  )<br> vs.  )<br>  )<br>Roger Rachon Cooley,  )<br>  )<br>    Defendant.  ) | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 3:19-cr-00137 |

Before the Court is Defendant Roger Rachon Cooley's motion to dismiss on speedy trial grounds filed on December 28, 2021.  Doc. No. 326.  The Government responded in opposition on January 11, 2022.  Doc. No. 333.  Cooley filed his reply on January 14, 2022.  Doc. No. 342.  For the reasons below, the motion is denied.

**I.   BACKGROUND**

On August 21, 2019, an indictment was filed charging nine defendants, including Cooley, with various drug, money laundering, and kidnapping conspiracy charges.  See Doc. No. 29.  Cooley was indicted on two counts: conspiracy to possess with intent to distribute and distribute a controlled substance and money laundering conspiracy.  Id., pp. 1, 10-11.  This Court issued an arrest warrant on August 22, 2019.  Doc. No. 26.

On February 18, 2020, the Government moved to sever Cooley, and other codefendants, arguing in part that it "has been unsuccessful in securing the appearance" of Cooley.  Doc. No. 98.  The Court granted the Government's motion to sever.  Doc. No. 102.  A few days later, on March 16, 2021, law enforcement arrested Cooley in Detroit, Michigan. Doc. No. 222.  That same day, Cooley had his initial appearance in the Eastern District of Michigan.  Doc. No. 223.  Cooley appeared for his arraignment in this district on May 20, 2021.  Doc. No. 234.  Since his

arraignment, Cooley has remained in custody.  See Doc. Nos. 234, 240.  Cooley's trial was originally set for July 13, 2021.  Doc. No. 237.

On May 27, 2021, the Government filed a motion for joinder and a motion to continue trial.  Doc. No. 241.  Cooley opposed this motion, raising Speedy Trial arguments, among other things.  See Doc. No. 248.  On June 21, 2021, the Court granted the motion for joinder over Cooley's objection and, as a result, reset Cooley's trial date to the same trial date as his codefendants, August 3, 2021.  Doc. No. 249.

On July 19, 2021, two of Cooley's codefendants filed separate motions to continue, both raising health concerns.  See Doc. Nos. 251, 252.  Cooley did not object to the continuance.  See Doc. No. 253.  The Court granted the two codefendants' unopposed motion to continue trial, resetting trial for December 14, 2021.  Id.

On November 19, 2021, a codefendant requested another continuance, again raising ongoing health issues.  Doc. N. 315-1.  A few days later, another codefendant filed a separate motion to continue based on her health issues.  Doc. No. 322.  In the interim, the Government reversed course again and again moved to sever Cooley, explaining that it had "consulted with defense counsel for the various defendants and noted no objections[.]"  Doc. No. 321, p. 2.  The Court issued an order addressing the motion to sever and the motions to continue trial on December 1, 2021.  Doc. No. 323.  The Court denied the Government's motion to sever and granted the motions to continue, resetting trial for all remaining defendants in this case for January 25, 2022.  Id., p. 4.  In that order, the Court specifically noted, "This is a date certain trial date, and the Court will not be inclined to grant any further continuances."  Id.  Trial is currently set for January 25,

2022. On December 28, 2021, Cooley moved to dismiss based on speedy trial grounds and requested oral argument.[1] Doc. No. 326.

## II. ANALYSIS

Although related, constitutional challenges under the Sixth Amendment speedy trial right and statutory challenges under the Speedy Trial Act are reviewed separately. United States v. Sprouts, 282 F.3d 1037, 1041 (8th Cir. 2002). Cooley's motion appears to rely exclusively on the Sixth Amendment. Nonetheless, the Court will briefly address the possibility of a Speedy Trial Act violation at the outset.

### A. Speedy Trial Act

The Speedy Trial Act requires trial to commence within 70 days after a defendant is charged or makes an initial appearance before "a judicial officer of the court in which such charge is pending," whichever occurs last. 18 U.S.C. § 3161(c)(1); see also Zedner v. United States, 547 U.S. 489, 497 (2006). That said, a multitude of circumstances toll the speedy trial clock. See 18 U.S.C. § 3161(h). For example, a pending pretrial motion tolls the clock. Id. § 3161(h)(1)(D). Additionally, the speedy clock is tolled by the Court finding that the ends of justice are served by granting a continuance outweigh the interest of the public and the defendant in a speedy trial. Id. § 3161(h)(7)(a). "Exclusions of time attributable to one defendant apply to all codefendants." United States v. Mallett, 751 F.3d 907, 911 (8th Cir. 2014) (cleaned up).

Cooley was indicted in the District of North Dakota on August 21, 2019. His speedy trial clock began to run on May 20, 2021, when he appeared for arraignment before a judicial officer

---

[1] The Court finds oral argument on this matter unnecessary. The parties have satisfactorily briefed the legal issues at hand.

of this district.² See 18 U.S.C. § 3161(c)(1). As the Government correctly points out, far fewer than 70 nonexcludable days have elapsed since then.

Pretrial motions tolled a portion of the time following arraignment. The Government filed a motion for joinder and a motion to continue trial on May 27, 2021. Doc. No. 241. Cooley objected, raising Speedy Trial Act arguments, among other things. Doc. No. 248. The Court granted the Government's motion, over Cooley's objection, on June 21, 2021 (the "June 21 Order"). Doc. No. 249. As a result, Cooley's original trial date of July 13, 2021 was reset to the date of his codefendants' trial, which was then scheduled for August 3, 2021. Doc. No. 249. In the June 21 Order, the Court specifically determined that "[a]ll time which elapses from the date of this order until trial shall be excluded from any Speedy Trial Act calculation" citing 18 U.S.C. § 3161(h)(6) ("a reasonable period of delay when the defendant is jointed for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted") § 3161(h)(7)(A), § 3161(h)(7)(B)(i) and (iv). Doc. No. 249. Similarly, in each order continuing trial since, all time elapsing from the date of the order until the new trial date was excluded from any Speedy Trial Act calculation based on the ends of justice. Doc. Nos. 253, 323. Additionally, Cooley's motion to release, which the Court denied on August 30, 2021, also tolled a portion of the speedy trial clock. Doc. Nos. 254, 267.

Because fewer than 70 nonexcludable days have passed, Cooley's motion fails to the extent he seeks dismissal under the Speedy Trial Act.

---

² Although Cooley had an initial appearance in the Eastern District of Michigan on March 16, 2021 [Doc. No. 223], his speedy trial clock did not begin until he "appeared before a judicial officer of the court in which such charge is pending," the District of North Dakota. See 18 U.S.C. § 3161(c)(1).

### B. Sixth Amendment

In contrast to the Speedy Trial Act, the Sixth Amendment speedy trial right "attaches at the time the of arrest or indictment, whichever comes first, and continues until the trial commences." United States v. Williams, 557 F.3d 943, 948 (8th Cir. 2009) (citations omitted). A constitutional speedy trial challenge requires a court to "engage in a difficult and sensitive balancing process." Barker v. Wingo, 407 U.S. 514, 533 (1972). Four factors control: (1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. Id. at 530. No one factor is "a necessary or sufficient condition" to establish a violation. Id. at 533. The Eighth Circuit Court of Appeals has repeatedly commented, "It would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not." United States v. Titlbach, 339 F.3d 692, 699 (8th Cir. 2003) (citing Sprouts, 282 F.3d at 1042).

In application, the initial length of delay factor is twofold. First, the length of delay must be presumptively prejudicial before consideration of the four Barker factors is warranted at all. United States v. Summage, 575 F.3d 864, 875 (8th Cir. 2009). Cooley was indicted on August 21, 2019—over two years ago. That is enough to establish presumptive prejudice. See Doggett v. United States, 505 U.S. 647, 652 n.1 (1992) (citations omitted) (noting that "the lower courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year"); United States v. Sims, 847 F.3d 630, 635 (8th Cir. 2017) (concluding that approximately 22-month delay was presumptively prejudicial). Second, the length of delay weighs on the Barker analysis. See Mallett, 751 F.3d at 914. More than two years is certainly a significant delay between indictment and trial. Even so, that duration is not extraordinary, particularly considering that the Eighth Circuit has deemed much longer delays reasonable. See, e.g., Summage, 575 F.3d

at 876 (32-month delay); United States v. Aldaco, 477 F.3d 1008, 1019-20 (8th Cir. 2007) (40-month delay).  On balance, the first factor weighs in Cooley's favor, but not heavily.

The second factor is the reason for the delay.  As well-stated by the Eighth Circuit:

> We accord "'different weights ... to different reasons.'" Vermont v. Brillon, --- U.S. ----, ----, 129 S. Ct. 1283, 1290, 173 L. Ed. 2d 231 (2009). We weigh an intentional delay by the government "heavily against it." Walker, 92 F.3d at 717 (citing Barker, 407 U.S. at 531, 92 S. Ct. 2182). We weigh negligence by the government "less heavily" but still regard such negligence as "a considerable factor in the weighing process." Id. (citing Barker, 407 U.S. at 531, 92 S. Ct. 2182, and Doggett, 505 U.S. at 652-53, 112 S. Ct. 2686). We weigh "delay caused by the defense ... against the defendant." Brillon, at 1290. The Supreme Court has called this Barker factor "[t]he flag all litigants seek to capture." United States v. Loud Hawk, 474 U.S. 302, 315, 106 S. Ct. 648, 88 L. Ed. 2d 640 (1986).

United States v. Erenas-Luna, 560 F.3d 772, 777 (8th Cir. 2009).  Admittedly, the record is scant as to the reason for delay in this case.[3]  Nevertheless, the record does shows that Cooley was one of nine codefendants charged. These codefendants were arrested between August of 2019 and March of 2020.[4]  See Doc. Nos. 36, 37, 56, 57, 80, 104, 105.  While there was a 12-month delay between the arrest of the last codefendant and the arrest of Cooley, based on the limited evidence before the Court, there is no indication that the Government has negligently or intentionally delayed prosecution.  See Barker, 407 U.S. at 531.  The Court has no evidence regarding whether Cooley did or did not know about the indictment, and as such the Court cannot find him responsible for the delay. Accordingly, the reason for delay weighs does not weigh against the Government.

---

[3] Both Cooley and the Government assert various (and opposing) reasons for the delay in their motions.  See Doc No. 327, pp. 5-7; Doc. No. 333, pp. 4-5.  The majority of these assertions are unsupported by evidence, either affidavit or otherwise.  The Court will not consider factual assertions raised by either party that are unsupported by evidence.  However, the Court can and will consider the docket in this case, and to the extent the parties' assertions rely on the docket the Court will consider them in its analysis.

[4] One codefendant was arrested prior to the Indictment.  See Doc. No. 4.

The third Baker factor considers "whether in due course the defendant asserted his right to a speedy trial." Erenas-Luna, 560 F.3d at 778 (internal citation and quotation omitted). In support of this factor, Cooley argues "two separate Sixth Amendment claims:" (1) a claim arising from the time between his Indictment and arrest; (2) a claim arising from the time between his arrest and trial. Doc. No. 342, p. 5. In general, "[C]ourts in the Eighth Circuit have not held that a defendant's assertion of his speedy trial right strengthens his case, only that a failure to assert it may weaken his case." United States v. Soto, No. 5:18-CR-50050-01-KES, 2021 WL 1176068, at *8 (D.S.D. Mar. 29, 2021) (citing United States v. Weber, 479 F.2d 331, 333 (8th Cir. 1973)). Here, Cooley raised his right to speedy trial in response to the Government's motion to join and again here. Cooley has clearly asserted his speedy trial rights in this case. While Cooley's case is not weakened by a failure to assert his claims, nor is it strengthened; this factor is neutral. See Erenas-Luna, 560 F.3d at 778.

For the last factor, "the degree of prejudice required, if any, depends on the defendant's showing under the preceding Barker factors." Sims, 847 F.3d at 636 (internal citation omitted). Because the Government has been reasonably diligent in pursuing this matter, Cooley must establish actual prejudice. United States v. Rodriguez-Valencia, 753 F.3d 801, 808 (8th Cir. 2014). Courts look to the three primary interests of the speedy trial right when examining prejudice: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." Barker, 407 U.S. at 532.

Cooley has been in custody for a little over nine months. This pretrial incarceration does not weigh in his favor, especially considering the complexities of a multidefendant conspiracy case. He also asserts that "based on the nature and circumstances of the charges and the possible penalties they bring, anyone in Mr. Cooley's position would be anxious about the federal charges

7

is currently facing." Doc. No. 327, p. 8.  But, those concerns apply to anyone accused of a crime. Beyond generalization, Cooley offers nothing to demonstrate "that the delay weighed particularly heavily on him in specific circumstances." Morris v. Wyrick, 516 F.2d 1387, 1391 (8th Cir. 1975); see also United States v. Shepard, 462 F.3d 847, 864-65 (8th Cir. 2006) (citing Barker, 407 U.S. at 534) ("Anxiety, without concurrent prejudice to the defendant's ability to mount a defense, is likely the weakest interest served.").  Finally, nothing indicates that the passage of time has caused the disappearance of witnesses or other material evidence to impede Cooley's ability to mount a defense.  He cannot show prejudice as a result.  This factor weighs heavily against Cooley. After careful consideration of the Barker factors, the Court concludes that Cooley's Sixth Amendment right to a speedy trial remains uninfringed.

## IV.   CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority. The Court finds that the Government did not violate Cooley's rights under either the Speedy Trial Act or Sixth Amendment.  See Titlbach, 339 F.3d at 699 (explaining that "[i]t would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not" (citing Sprouts, 282 F.3d at 1042)).  For the reasons above, Cooley's motion to dismiss (Doc. No. 326) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 19th day of January, 2022.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court