**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | | |
|---|---|---|---|
| United States of America, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| vs. | ) | **ORDER** | |
| | ) | | |
| Roger Rachon Cooley, | ) | Case No. 3:19-cr-00137 | |
| | ) | | |
| Defendant. | ) | | |

Before the Court is Defendant Roger Rachon Cooley's motion for reconsideration filed on January 20, 2022.  Doc. No. 353.  Cooley seeks reconsideration of this Court's January 19, 2022 order denying his motion to dismiss.  Doc. No. 352.  The Government responded to the motion on January 23, 2022.  The Court held a limited evidentiary hearing on the motion to reconsider on January 24, 2022.  For the reasons below, the motion is denied.

I.      **BACKGROUND**

The Court previously reviewed and discussed the procedural posture and relevant factual background of this criminal case in its order denying Cooley's motion to dismiss.  See Doc. No. 352.  As such, the Court will only address those facts specifically highlighted in the motion to reconsider and at the evidentiary hearing.

In his motion for reconsideration, Cooley raises two arguments – (1) that the Court erred in not holding an evidentiary hearing, and (2) that Cooley had newly discovered evidence that offered additional facts as to the claimed delay between Cooley's indictment and his arrest.  Doc. No. 353.  By way of review, Cooley moved to dismiss the indictment on Sixth Amendment speedy trial grounds, focusing on the delay between his indictment and ultimate arrest.  In the Court's January 19, 2022 order denying Cooley's motion to dismiss, the Court specifically noted the majority of the factual assertions as to the reason for the delay between indictment and arrest were

unsupported by evidence, either affidavit or otherwise.  The Court, accordingly, considered the docket and record in reaching its decision on the motion to dismiss.

As support for his motion for reconsideration, Cooley filed four affidavits.  Viewed in the light most favorable to Cooley, these affidavits could possibly contain facts in dispute pertaining to his original motion to dismiss.  Thus, the Court was placed in a position of having affidavit testimony from Cooley but not from the Government as to what happened from the time of indictment to arrest.  Because of the proximity in time to the trial date, the Court ordered a limited evidentiary hearing on the "factual issues raised in the new affidavits concerning the reason for the claimed delay between Cooley's indictment and arrest."  Doc. No. 357.

The day before the evidentiary hearing, the Government filed a response to Cooley's motion.  Doc. No. 364.  As a part of its response, the Government included attachments and communications from the Federal Bureau of Investigation ("FBI") and the United States Marshals Service ("USMS"), which detailed the efforts those agencies made to arrest Cooley after his indictment.  Id.

With both parties having presented additional factual support as to the events that occurred (or did not occur), the Court held the limited evidentiary hearing on January 24, 2022.  Both parties largely relied on the affidavit testimony and the record in support of their positions.  Mr. Kevin Fischer testified for Cooley.  Both parties were afforded several opportunities to supplement the record in this case.

II.   **ANALYSIS**

A motion for reconsideration "serves the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence."  Bradley Timberland Res. v. Bradley Lumber Co., 712 F.3d 401, 407 (8th Cir. 2013) (cleaned up).  Such motions are not "a vehicle to

identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." SPV-LS, LLC v. Transamerica Life Ins. Co., 912 F.3d 1106, 1111 (8th Cir. 2019) (quoting Julianello v. K-V Pharm. Co., 791 F.3d 915, 923 (8th Cir. 2015)). Nor may a motion for reconsideration attempt "simple reargument on the merits." Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999).

    **A.    Evidentiary Hearing**

Cooley first argues the Court was "required" to hold an evidentiary hearing on his motion to dismiss. The Court disagrees. As an initial matter, the Court notes that counsel did not request an evidentiary hearing on the motion; rather, counsel only requested oral argument. Counsel also never requested an evidentiary hearing at a January 14, 2022 status conference, where the motion to dismiss was discussed with counsel. Nevertheless, "A district court must hold an evidentiary hearing only when the moving papers are sufficiently definite, specific, and detailed to establish a contested issue of fact." United States v. Stevenson, 727 F.3d 826, 830 (8th Cir. 2013).

Here, the parties' briefs of the initial motion to dismiss were not "sufficiently definite, specific, and detailed to establish a contested issue of fact[,]" which was why the Court did not initially hold a hearing on the motion. Indeed, while the parties asserted various (and opposing) reasons for delay, they did not explicitly dispute material facts such that the Court was required to hold a hearing. The Court will not, and should not, consider factual assertions that are unsupported by evidence or material facts.

The Court finds that it was not required to hold an evidentiary hearing. In the interests of fundamental fairness, after Cooley submitted four affidavits, the Court held a limited evidentiary hearing to permit both parties an opportunity to present evidence as to what happened (or did not

happen) during the delay between the indictment and arrest.  As noted above, neither party had previously offered such factual support.

The Court rejects Cooley's argument that it erred by not holding an evidentiary hearing on the motion to dismiss.  The original moving papers were not "sufficiently definite, specific, and detailed to establish a contested issue of fact."  See Stevenson, 727 F.3d at 830.  Even so, the Court, in its discretion, permitted Cooley and the Government another opportunity to present facts explaining what occurred during the time between indictment and arrest.  No facts or evidence were presented at the evidentiary hearing that warrant a reversal of the Court's prior order denying the motion to dismiss.  Accordingly, the Court denies Cooley's motion for reconsideration on the grounds that the Court erred in failing to hold an evidentiary hearing.

### B.    Newly Discovered Evidence

Cooley next argues that his motion for reconsideration is warranted because of "newly discovered evidence."  Doc. No. 354, p. 3.  Cooley asserts that he retained Kevin Fischer as a private investigator to gather evidence for this case.  Id.  According to Cooley, Fischer ran out of funding and as such "was unable to interview key fact witnesses pertaining to the Motion to Dismiss."  Id.  Funding was approved on January 18, 2022.  Id.  On January 19, 2022, Fischer completed two witness interviews, which Cooley asserts were "two key fact witnesses for the Motion to Dismiss previously filed by Mr. Cooley."  Id.  Fischer asserts that because funds for the investigation were exhausted on or about January 6, 2022, his first opportunity to interview these two witnesses was on January 19, 2022.  Doc. No. 354-1, p. 2.

The Court is not convinced that the interviews of these two witnesses are newly discovered evidence.  According to Cooley, Fischer's funding ran out on or around January 6, 2022.  However, Cooley filed his motion to dismiss on December 28, 2021—over a week before Fischer's funding

4

ran out.  As such, this evidence could have been, but was not, raised at the time the relevant motion was pending.  See SPV-LS, LLC v. Transamerica Life Ins. Co., 912 F.3d 1106, 1111 (8th Cir. 2019) (quoting Julianello v. K-V Pharm. Co., 791 F.3d 915, 923 (8th Cir. 2015)).  Accordingly, the Court finds that Cooley has failed to produce newly discovered evidence.

Finally, even after allowing both parties to offer additional factual explanation as to the delay between indictment and arrest, the motion for reconsideration fails on the merits, and the Court's position remains unchanged.  There has been no showing of a negligent or an intentional delay, and the delay was not excessive.  As previously ordered, Cooley has not demonstrated any actual prejudice to his defense, and he has failed to show his Sixth Amendment right to a speedy trial has been violated.

## III.   **CONCLUSION**

The Court has reviewed the record, the parties' filings, and the relevant legal authority. For the reasons above, Cooley's motion for reconsideration (Doc. No. 353) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 24th day of January, 2022.

/s/ Peter D. Welte
Peter D. Welte, Chief Judge
United States District Court