IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | Case No. 3:19-cr-00137 |
| Roger Rachon Cooley, ) | |
| ) | |
| Defendant. ) | |

Trial in the above-captioned case is scheduled to commence on January 25, 2022. Now before the Court is Defendant Roger Rachon Cooley's motion in limine filed on January 18, 2022. Doc. No. 348. In the motion, the Cooley requests the Court prohibit the United States from mentioning the following prior convictions or occurrences: (i) Cooley's prior convictions from 1995-2004; (ii) Cooley's 2019 conviction for the infraction of marijuana possession; and (iii) marijuana recovered by law enforcement during a search warrant executed in this case. Doc. No. 349. The United States filed a response, asserting that it does not intend to introduce evidence regarding Cooley's prior convictions from 1995-2004 and Cooley's 2019 conviction for possession of marijuana but "reserves the right to revisit this decision and seek to admit this evidence should the defendant open the door for their admission." Doc. No. 355. As to the third occurrence—the marijuana recovered by law enforcement during a search warrant executed in this case—the United States argues that it falls squarely within res gestae that completes the story and provides context to the charged crime.

The Court addressed this issue at the final pretrial conference on January 24, 2022 and issued an oral ruling. The Court granted Cooley's motion in limine as to the first two convictions/occurrences, namely (i) Cooley's prior convictions from 1995-2004 and (ii) Cooley's

2019 conviction for possession of marijuana with the understanding that the Government reserves the right to admit this evidence if Cooley opens the door to their admission. As to the third occurrence, the marijuana recovered by law enforcement during a search warrant executed in this case, the Court denied Cooley's motion in limine, finding this evidence admissible as intrinsic evidence, or res gestae. This written order supplements the Court's oral ruling.

I. **INTRINSIC EVIDENCE**

"[I]ntrinsic evidence includes both evidence that is inextricably intertwined with the crime charged as well as evidence that merely 'completes the story' or provides context to the charged crime." United States v. Young, 753 F.3d 757, 770 (8th Cir. 2014) (citing United States v. Hall, 604 F.3d 539, 543-44 (8th Cir. 2010); United States v. Johnson, 463 F.3d 803, 808 (8th Cir. 2006)) (emphasis added). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." Johnson, 463 F.3d at 808 (citing United States v. Forcelle, 86 F.3d 838, 842 (8th Cir. 1996). Intrinsic "evidence is admitted because the other crime evidence 'completes the story' or provides a 'total picture' of the charged crime." Id. (additional quotations omitted). "[W]here evidence of other crimes is so blended or connected, with the ones on trial as that proof of one incidentally involves the others; or explains the circumstances; or tends logically to prove any element of the crime charged, it is admissible as an integral part of the immediate context of the crime charged." U.S. v. Luna, 94 F.3d 1156, 1162 (8th Cir. 1996) (cleaned up).

The United States argues that the testimony concerning the marijuana will explain to the jury the events that gave rise to the drug transactions and Cooley's arrest by local authorities at the conclusion of the search warrant. The Court agrees. Because these events involve the time, place, and circumstances that form the basis of the charge, they are admissible under the doctrine of res

gestae.  Additionally, the marijuana was part of the evidence gathered at the residence where Cooley stayed.  Accordingly, the evidence the United States seeks to admit provides key context to the charged crime, explains the circumstances of the crime charged, and what happened and why.  See United States v. Fleck, 413 F.3d 883, 890 (8th Cir. 2005) ("when evidence of other crimes is so blended or connected[;] . . . or explains the circumstances thereof; or tends logically to prove any element of the crime charged, it is admissible as an integral part of the immediate context of the crime charged.") (citation omitted).  As such, the evidence is admissible as intrinsic evidence, and Cooley's motion in limine (Doc. No. 348) is denied as to the marijuana recovered by law enforcement during a search warrant executed in this case.[1]

## II. RULE 403

In response to the Court's oral ruling, Cooley raised Federal Rule of Evidence 403.  As a baseline, Rules 401 and 402 of the Federal Rules of Evidence collectively stand for the unremarkable proposition that relevant evidence is generally admissible, while irrelevant evidence is never admissible.  Rule 403 limits the admission of relevant evidence if its probative value is substantially outweighed by a danger of one or more factors, including unfair prejudice, confusing the issues, and misleading the jury.  "Unfair prejudice means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."  United States v. Watson, 895 F.3d 589, 594 (8th Cir. 2018) (quoting United States v. Lupino, 301 F.3d 642, 646 (8th Cir. 2002)).  Reasons for excluding evidence under Rule 403 include "unfair

---

[1] Although Cooley raises Federal Rule of Evidence 404(b), the Court need not address it based on its finding that this evidence is intrinsic.  See United States v. Johnson, 463 F.3d 803, 808 (8th Cir. 2006) ("We have held that Rule 404(b), which governs the admission into evidence of wrongful conduct other than the conduct at issue, applies only to 'extrinsic' and not to 'intrinsic' evidence.").

prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfairly prejudicial evidence is so inflammatory on its face as to divert the jury's attention from the material issues in the trial." United States v. Fechner, 952 F.3d 954, 958 (8th Cir. 2020) (citing United States v. Betcher, 534 F.3d 820, 825 (8th Cir. 2008)). Rule 403 "does not offer protection against evidence that is merely prejudicial in the sense of being detrimental to a party's case." United States v. Petroske, 928 F.3d 767, 772 (8th Cir. 2019) (citations omitted). "[T]he probative value of intrinsic evidence must not be substantially outweighed by its prejudicial effect." United States v. Betts, 911 F.3d 523, 529 (8th Cir. 2018) (citing United States v. O'Dell, 204 F.3d 829, 834 (8th Cir. 2000)).

At this point in time, the Court finds the probative value of the marijuana recovered by law enforcement during a search warrant executed in this case is not substantially outweighed by the danger of unfair prejudice to Cooley. The chain of events necessarily provides the jury with a complete picture of what happened and why. Accordingly, the Cooley's motion to exclude the chain of events leading to the Defendant's arrest under Rule 403 is denied at this time. Importantly, as stated at the pretrial conference, nothing in this order precludes Cooley from reasserting his objection at trial if he deems it necessary.

### III. CONCLUSION

In sum, the Court **GRANTS IN PART AND DENIES IN PART** the Cooley's motion in limine (Doc. No. 348). The Court **GRANTS** Cooley's motion in limine as to Cooley's prior convictions from 1995-2004 and Cooley's 2019 conviction for the infraction of marijuana possession, with the exception that the United States can introduce such evidence if Cooley opens

the door.  The Court **DENIES** Cooley's motion in limine as to the marijuana recovered by law enforcement during a search warrant executed in this case.

    **IT IS SO ORDERED.**

Dated this 24th day of January, 2022.

                                                  */s/ Peter D. Welte*
                                                  Peter D. Welte, Chief Judge
                                                  United States District Court